[Crim. No. 25442. Second Dist., Div. One. Mar. 31, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
JUDGE RAY JOHNSON et al., Defendants and Appellants.

## COUNSEL

James A. Reichle and Michael A. Petretta, under appointments by the Court of Appeal, for Defendants and Appellants.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield and Bernard A. Delaney, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—In these appeals from judgments of conviction of first degree attempted burglary entered on jury verdicts, appellants contend: (1) they were denied their right of confrontation of the principal witness against them because (a) the trial court received prior testimony of that

witness at the preliminary hearing upon his failure to appear at trial despite a lack of diligence of the prosecution to secure his attendance, and (b) improper conduct of an interpreter at the preliminary hearing precluded meaningful cross-examination; (2) when hearing the motion to exclude the preliminary hearing testimony, the trial court erroneously excluded evidence that the appellants had not been afforded an opportunity of meaningful cross-examination because translation of questions and answers with respect to the absent witness testimony had not been accurate; (3) the trial court permitted improper cross-examination relating to uncharged crimes; and (4) the judgments are not supported by substantial evidence. Concluding that the trial court failed to follow the statutory mandate of Evidence Code section 750 that an interpreter "is subject to all the rules of law relating to witnesses" and improperly excluded defense evidence relevant to appellants' claim of denial of due process through restriction upon a meaningful right of cross-examination at the preliminary hearing, we reverse the judgment.

Based almost exclusively upon the testimony of Jose Rubio given at appellants' preliminary examination to the effect that appellants kicked at him and threatened him with a "barber's knife" while asking for his money but were frustrated by his flight, a jury found appellants guilty of attempted first degree robbery. The jury rejected appellants' theory that the charge against them was based upon mistaken identity motivated by racial tension and fighting in the area between Blacks and Chicanos.

Rubio testified at appellants' preliminary examination in December 1973. He related the facts of the crime charged and answered in the affirmative concerning whether he would be available to testify at trial. On January 21, 1974, the district attorney mailed a subpena to Rubio seeking his attendance at trial. The subpena was unanswered and subsequent efforts failed to locate Rubio. Appellants moved to exclude his testimony from the trial on the merits arguing that the prosecution had not used due diligence to secure Rubio's presence as a witness and that deficiencies in the English-Spanish translation of Rubio's testimony' at the preliminary hearing had denied them the reasonable opportunity to cross-examine him. In connection with the motion, appellants offered evidence of the investigating officer involved in the matter who was totally fluent in Spanish and English and who was present throughout the preliminary hearing to the effect that there were significant errors in the translation. The trial judge refused to hear the testimony, basing his ruling upon his conception that translation by an interpreter is the equivalent of transcription by a court reporter so as not to be subject to

"collateral attack" except to show that the translator committed a crime. The judge did hear testimony from the translator himself which generally established that no dereliction in translation had occurred. Based upon that testimony and evidence that the prosecution had used due diligence to obtain Rubio's presence at trial, the trial court permitted Rubio's preliminary hearing testimony to go to the jury.

■ The trial court's ruling barring appellants' evidence to impeach the translation of the interpreter is erroneous in the context in which it was made. Evidence Code section 1291, subdivision (a)(2) expresses an exception to the hearsay rule which permits the use at trial of testimony received at a preliminary hearing if the witness is unavailable for trial and if the prosecution used due diligence to secure his attendance. (*People* v. *Benjamin,* 3 Cal.App.3d 687, 696 [83 Cal.Rptr. 764].) Section 1291, subdivision (a)(2) comports with the due process right of confrontation of witnesses, however, only if the defendant was afforded a meaningful right of cross-examination at the preliminary hearing. (*Pointer* v. *Texas,* 380 U.S. 400 [13 L.Ed.2d 923, 85 S.Ct. 1065].)

Thus a critical issue before the trial court at the hearing of appellants' motion to exclude the Rubio testimony at the preliminary hearing was the presence or absence of a meaningful opportunity of cross-examination at the earlier proceeding. The record establishes lack of facility in Spanish of appellants' counsel at the preliminary examination. It seems clear, therefore, that if in fact the interpreter was not interpreting questions to Rubio accurately from English into Spanish and Rubio's answers in the inverse, counsel were helpless in their examination of the prosecution's key witness and no meaningful opportunity to cross-examine him existed. The proffered evidence was thus relevant to an issue vital to the preliminary facts that the prosecution was required to establish if the Rubio testimony was to be received at trial.

In view of that relevance, the trial court was required to receive the evidence unless some special rule precludes it. (Evid. Code, § 351.) No special.rule of exclusion here applies. Evidence Code section 750 states: "A person who serves as an interpreter or translator in any action is subject to all the rules of law relating to witnesses." The most fundamental of laws relating to witnesses generally is that their testimony may be impeached or countered by that of other witnesses. Government Code section 26806, dealing with the employment and assignment in criminal cases of interpreters employed by counties, grants

no special imprimatur to their testimony which relieves it of the requirements of Evidence Code section 750.

Thus the trial court erred in denying appellants the right to present evidence. The error was prejudicial. The evidence was from a credible source, the investigating police officer. If believed by the judge, it could have resulted in barring the only incriminating evidence against appellant.

Respondent's brief does not squarely meet the issue of error in the trial court's ruling. The Attorney General limits his response to a contention that the claim of error is not timely. He argues that appellants were, in effect, seeking to correct the record of the preliminary examination when they offered the evidence of erroneous translation and that such a claim must be made to the magistrate. (See e.g., *People* v. *Mendes,* 35 Cal.2d 537, 543 [219 P.2d 1].) The argument misses the point. The trial court was not called upon to review the record of proceedings at the preliminary hearing as upon a motion pursuant to Penal Code section 995. The excluded evidence was put forward in relation to the offer by the prosecution of the earlier testimony of Rubio as original evidence at trial. The excluded evidence went to a fact of constitutional dimension going to the admissibility of the evidence. It was thus timely when offered, i.e., at the earliest opportunity in rebuttal of the prosecution's effort to carry its burden of establishing that appellants had been afforded a meaningful right of cross-examination at the preliminary hearing.

Citing *People* v. *McNeal,* 123 Cal.App.2d 222 [266 P.2d 529], the Attorney General contends also that the competency of an interpreter cannot be attacked for the first time on appeal. The argument lacks merit. Appellants are not attacking the competency of the interpreter for the first time on appeal. They are contending that the trial court denied them the opportunity of an attack.

Since the decision which we here reach requires reversal of the case at bench and no question raised in appellants' other contentions of error is likely to cause difficulty on retrial, we do not discuss those issues.

The judgments are reversed.

Wood, P. J., and Lillie, J., concurred.