[No. F003661. Fifth Dist. Jan. 29, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANCISCO G. TORRES, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Parts I and II (only) are not published, as they do not meet the standards for publication contained in rule 976(b), California Rules of Court.

**COUNSEL**

James B. Oliver, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, James T. McNally and Thomas R. Yanger, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MARTIN, J.—

STATEMENT OF THE CASE

Defendant was found guilty of sale of heroin in violation of Health and Safety Code section 11352. The trial court sentenced defendant to state prison for the middle term of four years. Defendant appeals.

I*

. . . . . . . . . . . . . . . . . . . . . .

III

DENIAL OF DUE PROCESS

A translated transcript of a tape recording of the conversation during the transaction in question and a translated transcript of a tape recording of a telephone conversation between the female informant and the defendant, allegedly setting up the sale, were admitted into evidence over defense objection. There was no evidence presented that a certified court interpreter translated the conversations. On appeal, the defendant contends that absent the interpreter testifying under oath, as required by Evidence Code section 751, there lacked a meaningful opportunity to determine the qualifications of the interpreter, the accuracy of the transcript and an opportunity for cross-examination.

Section 751 of the Evidence Code provides: "(a) An interpreter shall take an oath that he will make a true interpretation to the witness in a language that the witness understands and that he will make a true interpretation of the witness' answers to questions to counsel, court, or jury, in the English language, with his best skill and judgment.

"(b) A translator shall take an oath that he will make a true translation in the English language of any writing he is to decipher or translate."

Section 753, subdivision (a) of the Evidence Code provides: "When the written characters in a writing offered in evidence are incapable of being deciphered or understood directly, a translator who can decipher the char-

---

*See footnote 1, *ante,* page 266.

acters or understand the language shall be sworn to decipher or translate the writing."

The Attorney General relies upon *People* v. *Sigal* (1963) 221 Cal.App.2d 684 [34 Cal.Rptr. 767], for the position that any party to the tape-recorded conversation can authenticate the transcript for purposes of admissibility. However, *Sigal* does not concern a transcript that required translation from one language to another. (*Id.,* at p. 704.) Here, the question is whether the *original interpreter* of a transcribed tape recording must testify to the true interpretation and translation of the recording as a condition precedent to admissibility or whether this may be accomplished by any qualified interpreter.

■ Evidence Code sections 750 and 751 require the administration of a precisely formulated oath to any person who is to act as an interpreter, and the statutory requirements are mandatory in a criminal prosecution. (*People* v. *Chavez* (1981) 124 Cal.App.3d 215, 226-227 [177 Cal.Rptr. 306]; *People* v. *Menchaca* (1983) 146 Cal.App.3d 1019, 1025 [194 Cal.Rptr. 691].) In *Menchaca,* the Second District Court of Appeal held the failure to administer such an oath to a defense interpreter is fatal to the constitutional effectiveness of an interpreter. (*Ibid.*) In *People* v. *Carreon* (1984) 151 Cal.App.3d 559 [198 Cal.Rptr. 843], this court disagreed, holding the failure to do so may be waived by lack of objection and that an oath is not required unless testimony is contemplated. (*Id.,* at pp. 577-578.)

■ The failure to call the original translator to the witness stand denied the defendant a meaningful opportunity to cross-examine the individual who translated the material as to his qualifications and the accuracy of the translation. (See *People* v. *Johnson* (1975) 46 Cal.App.3d 701, 704 [120 Cal.Rptr. 372].) Therefore, the trial court erred in admitting the transcript and denying defendant's objection. ■ However, a violation of a defendant's constitutional right to confront witnesses against him is not per se reversible error. (*Brown* v. *United States* (1973) 411 U.S. 223, 231 [36 L.Ed.2d 208, 215, 93 S.Ct. 1565]; *People* v. *Stritzinger* (1983) 34 Cal.3d 505, 515-516 [194 Cal.Rptr. 431, 668 P.2d 738].) ■ *Carreon* held that in the absence of a waiver, the failure to provide a needed defense interpreter throughout the proceedings is reversible error only when the defendant can show he suffered prejudice from the lack of defense interpreter services. "The prejudice, though, need not be actual; only an informed speculation that the defendant's right to effective representation was denied need be shown." (*People* v. *Carreon, supra,* 151 Cal.App.3d 559, 575.)

 In the instant case, no prejudice or miscarriage of justice appears to have occurred.[4] The transcripts were authenticated by Officer Carrasco who spoke fluent Spanish. She testified that she had spoken Spanish since she was a small child, is fluent in the language and was present at the time the conversations in question occurred and actually listened to the recording of each conversation. She testified as to the accuracy of the translations after listening to the tape recordings. Defense counsel had the opportunity to challenge the accuracy of the translations through Officer Carrasco or obtain his own expert to translate the recording into the English language but failed to do so. Thus, while it was error not to place the original interpreter under oath, the error was harmless beyond a reasonable doubt. (*Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065].)

The judgment is affirmed.

Franson, Acting P. J., and Hamlin, J., concurred.

---

[4]The situation present here is quite different than that in *Johnson* where the defense offered to present testimony of the investigating officer of significant errors in the translation. (*People* v. *Johnson, supra,* 46 Cal.App.3d 701, 703.)