PEOPLE v GARDNER

Docket No. 55131. Submitted May · 5, 1982, at Lansing.—Decided December 8, 1982. Leave to appeal applied for.

Linzie Gardner was convicted of assault with intent to murder. His conviction was reversed by the Supreme Court because of ineffective assistance of counsel, 406 Mich 369 (1979). Defendant was again convicted of assault with intent to murder, Jackson Circuit Court, Russell E. Noble, J. Defendant appealed, alleging error in the introduction of defendant's testimony from the first trial. *Held:*

Generally, testimony given by a defendant at a prior trial is admissible upon retrial. Whether or not a defendant's prior testimony is admissible upon retrial where the conviction has been reversed because of the ineffectiveness of counsel depends on whether the ineffectiveness so tainted the testimony as to render its subsequent use unfair. Defendant's testimony at the first trial was not prompted by or tainted because of the lack of effective assistance of counsel at the first trial. The testimony was admissible.

Affirmed.

CRIMINAL LAW — EVIDENCE — DEFENDANT'S PRIOR TESTIMONY — RULES OF EVIDENCE.

Generally, testimony given by a defendant at a prior trial is admissible upon retrial; whether or not a defendant's prior testimony is admissible upon retrial where the conviction has been reversed because of the ineffectiveness of counsel depends on whether the ineffectiveness so tainted the testimony as to render its subsequent use unfair (MRE 801[d][2][A]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTE
21A Am Jur 2d, Criminal Law §§ 752, 984-987.
29 Am Jur 2d, Evidence § 738 *et seq.*

State Apepllate Defender (by Derrick A. Carter), for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and R. J. SNOW,* JJ.

PER CURIAM. Defendant was convicted by a jury on July 30, 1980, of assault with intent to murder, MCL 750.83; MSA 28.278, and was sentenced to 50 to 75 years imprisonment. His previous conviction for the same crime was reversed by the Supreme Court. People v Gardner, 406 Mich 369; 279 NW2d 785 (1979), cert den Michigan v Gardner, 444 US 1093; 100 S Ct 1061; 62 L Ed 2d 783 (1980). He now appeals as of right.

At his first trial, defendant and codefendant, Michael Kidder, were represented by the same attorney. The defendants, inmates at Jackson prison, were charged with assaulting a prison guard. The guard testified that he was struck over the head by an "awful hard blow, terrible blow" and immediately lost consciousness, although he was aware of more than one blow to his head. Both defendant and Kidder admitted that each committed an assault on the guard, Kidder testifying that he struck the first, but not very hard, blow. Defendant agreed that the blow struck by Kidder had not been hard and further admitted hitting the prison guard over the head with a board about four times and subsequently striking the guard with a crowbar. Defendant testified that he struck the guard because he "[w]anted to knock him out so [he] could get time, get out of there * * *".

The Supreme Court found that the defendant was deprived of effective assistance of counsel

---

* Circuit judge, sitting on the Court of Appeals by assignment.

because, although defendant's and Kidder's defenses were not necessarily inconsistent, it should have been apparent to defense counsel at the beginning of the case that the testimony would portray notably less culpability of Kidder and greater culpability of Gardner. The Court found that defense counsel did not pursue defendant's defense to the fullest extent, specifically by counsel's objecting to admitting into evidence defendant's statement which at least implied that defendant was taking the blame for the crime in an effort to aid codefendant Kidder and by counsel's distinguishing the relative culpability of his two clients in his closing argument.

Upon retrial, defendant's prior testimony was admitted over defense counsel's objections in the prosecution's case in chief. Defendant did not testify at the trial. Defendant claims on appeal that admitting this prior testimony, tainted by his former counsel's ineffectiveness, mandates reversal.

Generally, testimony given by a defendant at a prior trial is admissible upon retrial. *People v Thompson,* 97 Mich App 319; 293 NW2d 812 (1980); MRE 801(d)(2)(A). Defendant, however, argues that *Harrison v United States,* 392 US 219; 88 S Ct 2008; 20 L Ed 2d 1047 (1968), requires reversal.

In *Harrison,* the United States Supreme Court reversed the defendant's murder conviction because the prosecutor had read into evidence the defendant's testimony from his first trial. The conviction from his former trial had been reversed because of the erroneous admission into evidence of an illegally obtained confession. The Court applied the "fruit of the poisonous tree" doctrine:

"The question is not *whether* the petitioner made a

knowing decision to testify [at his former trial], but *why.* If he did so in order to overcome the impact of confessions illegally obtained and hence improperly introduced, then his testimony was tainted by the same illegality that rendered the confessions themselves inadmissible." (Emphasis in original.) 392 US 223.

In *Harrison,* the Supreme Court found the defendant's testimony had in fact been tainted and reversed the conviction.

The focus on why the defendant testified has also been used in two cases where the defendant's previous conviction was reversed due to ineffective assistance of counsel.

In *Commonwealth v Mangini,* 493 Pa 203; 425 A2d 734 (1981), the defendant's second trial was allegedly tainted by the prosecution's using an eyewitness's testimony admitted at the first trial. At the time of the crime, the eyewitness was diagnosed as a paranoid schizophrenic and was using prescribed medication. Although this witness was found incompetent to testify at the second trial, the defense counsel at the first trial had failed to bring any motion to determine the witness's competency. The Pennsylvania Supreme Court ruled:

"Considering the entire record before us of all prior proceedings, the use in the present trial of the very testimony which has been indelibly stamped with prior counsel's ineffectiveness is offensive to our sense of justice and the notion of fair play." 493 Pa 210.

However, the Court specifically rejected a per se rule:

"We caution that our holding today is not a per se rule requiring exclusion of any testimony from a prior trial wherein trial counsel had been ineffective. All of

the factual variables of each case must be examined to determine if the ineffectiveness so tainted the testimony sought to be introduced as to affect its reliability or to otherwise render its subsequent use unfair." 493 Pa 212.

In *Mancusi v Stubbs,* 408 US 204; 92 S Ct 2308; 33 L Ed 2d 293 (1972), the defendant's first trial was reversed on an apparent per se rule of ineffective assistance of counsel because the defense counsel had been appointed only four days before trial. The prosecution's key witness, although present at the first trial, was unavailable at the second. The defendant argued that his right to confrontation was denied when that witness's testimony from the first trial was admitted at the second trial, claiming the cross-examination at the first trial was inadequate. Rather than assuming the right to confrontation was preserved because the witness was available for cross-examination at the first trial, or assuming the situation required a per se exclusionary rule, the United States Supreme Court examined the cross-examination to determine its effectiveness. The Supreme Court then concluded the cross-examination had, in fact, been adequate; consequently, "the transcript of [the witness's] testimony in the first trial bore sufficient 'indicia of reliability' and afforded 'the trier of fact a satisfactory basis for evaluating the truth of the prior statement.'" 408 US 216.

Analyzing the specific facts of defendant's situation, we affirm his conviction. Defendant does not claim that his testimony at the first trial was prompted by his defense counsel's strategy to exculpate codefendant Kidder. Instead, defendant testified in an attempt to convince the jury that he was guilty of only assault with intent to do great bodily harm less than murder rather than the

charged offense. As such, the joint representation did not taint defendant's prior testimony.

Defendant's claim of instructional error does not require reversal. *People v Kramer,* 108 Mich App 240, 247-248; 310 NW2d 347 (1981).

Affirmed.