[No. E019322. Fourth Dist., Div. Two. Sept. 9, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
COTTON JOE JONES, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, II and III.

COUNSEL

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Raquel M. Gonzalez, Megan J. Beale and Crystal L. Bradley, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**RICHLI, J.**—After defendant Cotton Joe Jones (defendant) was convicted of murder, we granted his petition for writ of habeas corpus on the ground that the trial court had erroneously denied his request to represent himself

pursuant to *Faretta* v. *California* (1975) 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562].

Defendant was not returned to court until 11 days before the 60-day statutory deadline for retrial. (Pen. Code, § 1382.) He was thereupon allowed to represent himself. Nevertheless, after a second trial, he was convicted of murder again.[1]

In the published portion of our opinion, we consider defendant's contention that the testimony of certain witnesses from his first trial was inadmissible under the former testimony exception to the hearsay rule because, having been denied his right to represent himself at his first trial, he never had the opportunity to cross-examine these witnesses personally. We will hold defendant's opportunity to cross-examine, albeit through his appointed counsel, at the first trial was sufficient to satisfy the requirements of both the former testimony exception and the federal and state confrontation clauses. We will also hold the violation of defendant's right to represent himself does not require the exclusion of the former testimony as a remedy.

In the unpublished portion of our opinion, we consider defendant's additional contentions that (1) he was unable to prepare adequately for trial, because he was not transported promptly to court and because, once he was transported, he was not allowed adequate facilities for legal research and trial preparation; and (2) he was improperly forced to choose between his right to a speedy trial and his right to prepare adequately for trial.

I-III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

IV

THE ADMISSIBILITY OF TESTIMONY FROM THE FIRST TRIAL, AT WHICH DEFENDANT WAS DENIED THE RIGHT TO REPRESENT HIMSELF, UNDER THE FORMER TESTIMONY EXCEPTION

 Defendant contends that, because he was denied his constitutional right of self-representation at his first trial, the testimony of witnesses who

---

[1]Judge Law, who presided over the hearings on May 2 and May 6, 1996, granted defendant's motion to represent himself, gave defendant a "study room" in the courthouse, and set the trial date.

On May 6, 1996, the case was assigned to Judge Jager. Thus, it was Judge Jager who denied defendant's pretrial motion to dismiss, determined not to continue the trial, and denied defendant's posttrial motion to set aside the jury verdict.

*See footnote, *ante*, page 760.

had since become unavailable was not admissible under the former testimony exception to the hearsay rule. Although this appears to be a question of first impression, analogous authority leads us to reject defendant's contention.

### A. *Factual Background.*

The prosecution moved *in limine* to introduce the testimony of witnesses Angela Cantu, Francis Glascoe, and Lisa Watson from defendant's first trial under the former testimony exception to the hearsay rule. (Evid. Code, § 1291.)[5]

Defendant objected: "My contention here is strictly based on the first trial, [appointed counsel] did the cross-examination. He did the cross-examination after I was denied the opportunity to self-representation. [¶] In doing that, I don't have the opportunity to confront the witnesses. They weren't confronted in the manner that I would have done, that I would have chosen nor I would have liked. So just by reading their testimony will still continue to deprive me of the opportunity to cross-examine those witnesses, to build something that would be better for my defense versus what is originally in the transcript." The trial court overruled this objection.

The next day, defendant renewed his objection. He argued his appointed counsel had refused to ask Glascoe, in particular, certain questions defendant had wanted him to ask. The trial court declined to change its ruling. Thereafter, the former testimony of Cantu, Glascoe, and Watson was read into the record.

### B. *Analysis.*

There are three possible grounds for exclusion of the former testimony: (1) the Evidence Code, (2) the confrontation clause, and (3) the Sixth Amendment right of self-representation. Defendant's objection at trial adequately asserted all three grounds. The first two are interrelated; we will discuss them first. The third, however, requires separate discussion.

#### 1. *The Evidence Code and the Confrontation Clause.*

The evidence was admissible under the former testimony exception if defendant "had the right and opportunity to cross-examine" the witnesses at

---

[5]Evidence Code section 1291 provides, as pertinent here:

"(a) Evidence of former testimony is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and:

". . . . . . . . . . . . . . . . . . . . . .

"(2) The party against whom the former testimony is offered was a party to the action or proceeding in which the testimony was given and had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which he has at the hearing."

the first hearing. (Evid. Code, § 1291, subd. (a)(2).) Assuming the evidence was admissible under the former testimony exception, its admission did not violate defendant's state or federal confrontation rights. (*People* v. *Ramos* (1997) 15 Cal.4th 1133, 1164 [64 Cal.Rptr.2d 892, 938 P.2d 950], cert. den. (1998) __ U.S. __ [118 S.Ct. 1315, 140 L.Ed.2d 478].) ██ When the defendant's right to effective cross-examination is balanced against the public's interest in effective prosecution, a prior opportunity to cross-examine a witness who has become unavailable is considered an adequate substitute for present cross-examination at trial. (*People* v. *Zapien* (1993) 4 Cal.4th 929, 975 [17 Cal.Rptr.2d 122, 846 P.2d 704], cert. den. 510 U.S. 919 [114 S.Ct. 315, 126 L.Ed.2d 262].)

What is crucial for purposes of both the former testimony exception and the confrontation clause is whether the previous opportunity for cross-examination was effective. Thus, if the trial court had refused to appoint counsel for defendant and had forced him to represent himself at the first trial, the testimony of witnesses who subsequently became unavailable would not have been admissible at the second trial. (*Pointer* v. *Texas* (1965) 380 U.S. 400, 406-408 [85 S.Ct. 1065, 1069-1070, 13 L.Ed.2d 923].) This is *not* because defendant's right to counsel would have been violated (*id.*, at pp. 402-403 [85 S.Ct. at pp. 1067-1068]), but because the assistance of counsel tends to promote effective cross-examination. (*Id.*, at p. 407 [85 S.Ct. at pp. 1069-1070].)

Even ineffective assistance of counsel at the first trial need not render former testimony inadmissible, unless the ineffective assistance actually affected the cross-examination. In *Mancusi* v. *Stubbs* (1972) 408 U.S. 204 [92 S.Ct. 2308, 33 L.Ed.2d 293], the defendant kidnapped a husband and wife, then shot each of them in the head; the wife died, but the husband survived. Largely as a result of the husband's testimony, the defendant was convicted of murder, assault with intent to commit murder, and two counts of kidnapping. (*Id.*, at pp. 207-208 [92 S.Ct. at pp. 2310-2311].) Nine years later, a federal court granted his petition for writ of habeas corpus on the ground that his former attorney, who had been appointed four days before the first trial began, rendered ineffective assistance. By the time of the second trial, the husband had become unavailable. Over the defendant's objection, the husband's testimony at the first trial was admitted into evidence. The defendant was again convicted. (*Id.*, at p. 209 [92 S.Ct. at p. 2311].)

The defendant argued that cross-examination by an attorney who was later found to have rendered ineffective assistance was inadequate to satisfy the confrontation clause. (*Mancusi* v. *Stubbs*, *supra*, 408 U.S. at p. 214 [92 S.Ct.

at pp. 2313-2314].) The Supreme Court disagreed. It reasoned, first, the habeas corpus ruling was not res judicata because it was based on a "per se rule" (later overruled) that ineffective assistance "was conclusively presumed from the short interval between the time of counsel's appointment and the date of the trial"; and second, the defendant had failed to show there was "any new and significantly material line of cross-examination that was not at least touched upon in the first trial." (*Id.*, at pp. 214-215 [92 S.Ct. at p. 2314].)

The court therefore held: "Since there was an adequate opportunity to cross-examine [the witness] at the first trial, and counsel . . . availed himself of that opportunity, the transcript of [the witness's] testimony in the first trial bore sufficient 'indicia of reliability' and afforded ' "the trier of fact a satisfactory basis for evaluating the truth of the prior statement," ' [citation]." (*Mancusi* v. *Stubbs, supra*, 408 U.S. at p. 216 [92 S.Ct. at pp. 2314-2315], quoting *Dutton* v. *Evans* (1970) 400 U.S. 74, 89 [91 S.Ct. 210, 219-220, 27 L.Ed.2d 213].)

Similarly, in *People* v. *Ceja* (1994) 26 Cal.App.4th 78 [31 Cal.Rptr.2d 475], the defendant claimed the trial court erred by admitting the testimony of a preliminary hearing witness without holding a hearing on whether the defendant's attorney had rendered ineffective assistance at the preliminary hearing. The appellate court affirmed. It noted that, according to the record of the preliminary hearing, the cross-examination had been effective. Also, "[i]n arguing that he should be allowed a hearing to determine the effectiveness of the preliminary hearing counsel, trial counsel could not say what questions should have been asked on cross-examination at the preliminary hearing or that he in fact would have asked those questions. On this record, appellant has failed to establish that he was denied effective assistance of counsel for purposes of cross-examining [the] witness . . . at the preliminary hearing." (*Id.*, at p. 88, fn. omitted.)

Defendant relies on *Stevenson* v. *Superior Court* (1979) 91 Cal.App.3d 925 [154 Cal.Rptr. 476]. There, after a preliminary hearing at which the victim testified, the defendant was held to answer. Thereafter, the defendant was found incompetent to stand trial. He later became competent and was returned to court for a new preliminary hearing. Meanwhile, the victim had become unavailable; his testimony at the first preliminary hearing was introduced at the second preliminary hearing under the former testimony exception. The defendant was held to answer again. (*Id.*, at pp. 927-928.)

The defendant sought a writ of prohibition. (*Stevenson* v. *Superior Court, supra*, 91 Cal.App.3d at p. 927.) He argued that, because he was incompetent, even though he had appointed counsel, he did not have an adequate

opportunity to cross-examine the victim at the first preliminary hearing. (*Id.*, at p. 929.) The court of appeal agreed: " 'A defendant is entitled to effective assistance of counsel at a preliminary hearing, and counsel cannot effectively represent a client who does not understand the nature of the charges . . . or who is unable to cooperate in [the] defense.' [Citation.] Absent such confrontation and effective representation at the first preliminary hearing, defendant has been denied his substantial rights, and a commitment based on the evidence adduced at that hearing is unlawful. [Citation.]" (*Id.*, at p. 930, quoting *Chambers* v. *Municipal Court* (1974) 43 Cal.App.3d 809, 813 [118 Cal.Rptr. 120].)

"The People argue that absent a showing to the contrary by petitioner, it may be presumed that his attorney's cross-examination . . . at the first preliminary hearing was 'meaningful' and that petitioner's incompetence at that time does not necessarily indicate that he was deprived of his confrontation rights. But the argument depends on speculation. A preliminary hearing that takes place when the defendant is incompetent is conclusively violative of due process, regardless of the extent of cross-examination by counsel or of any other facts in the case. [Citations.]" (*Stevenson* v. *Superior Court*, *supra*, 91 Cal.App.3d at p. 930.)

*Stevenson* is not controlling here. In *Stevenson*, the constitutional defect was directly related to the effectiveness of the cross-examination. The *Stevenson* court concluded the defendant's attorney could not cross-examine competently without the assistance of his client. In light of *Mancusi*, we may question the *Stevenson* court's conclusion that the defendant did not have to demonstrate precisely how his assistance would have improved the cross-examination; but this is beside the point. Here, the constitutional defect was *not* directly related to the effectiveness of the cross-examination. Appointed counsel presumably can conduct a *more* effective cross-examination than a self-represented defendant can.

We conclude that, to demonstrate that admission of the former testimony violated either the Evidence Code or the confrontation clause, it is not enough to show some violation of some constitutional right at the first trial; it must be shown the violation actually interfered with an effective cross-examination.[6] Here, defendant did not do so. He never pointed to any particular deficiency in the cross-examination. Although he claimed he would have cross-examined differently, he never explained precisely *what* he would have done differently. Therefore, he never showed his cross-examination would have been any more effective. "[A]lthough the Constitution preserves to a defendant the opportunity for cross-examination by

---

[6]At least one other state court, after reading *Mancusi*, has come to the same conclusion. (*People* v. *Gardner* (1982) 122 Mich.App. 20, 22-25 [329 N.W.2d 518].)

*competent* counsel, it does not require that it be by currently retained counsel." (*People* v. *Williams* (1968) 265 Cal.App.2d 888, 897 [71 Cal.Rptr. 773].) It follows that the evidence was admissible under the former testimony exception, and its admission did not violate defendant's confrontation rights.

### 2. *The Right of Self-representation.*

 It could also be argued, however, defendant was entitled to exclusion of the evidence as a remedy for the violation of his right of self-representation. Under the "fruit of the poisonous tree" doctrine (*Nardone* v. *United States* (1939) 308 U.S. 338, 341 [60 S.Ct. 266, 268, 84 L.Ed. 307]), if a defendant is "impelled" to testify at one trial by the admission of an illegally obtained confession, his or her testimony is inadmissible at a second trial. (*Harrison* v. *United States* (1968) 392 U.S. 219, 222-224 [88 S.Ct. 2008, 2010-2011, 20 L.Ed.2d 1047].) This is because "the 'essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all.' [Citation.]" (*Id.*, at p. 222 [88 S.Ct. at p. 2010], fn. omitted, quoting *Silverthorne Lumber Co.* v. *United States* (1920) 251 U.S. 385, 392 [40 S.Ct. 182, 182-183, 64 L.Ed. 319, 24 A.L.R. 1426].) But we see no reason to extend the fruit of the poisonous tree doctrine to testimony obtained in violation of the right of self-representation.

 The Sixth Amendment right of self-representation is not "a provision forbidding the acquisition of evidence in a certain way." (*Harrison* v. *United States, supra*, 392 U.S. at p. 222.) Its thrust is not evidentiary at all. In *Faretta*, the Supreme Court declared: "It is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts. But where the defendant will not voluntarily accept representation by counsel, the potential advantage of a lawyer's training and experience can be realized, if at all, only imperfectly. To force a lawyer on a defendant can only lead him to believe that the law contrives against him. Moreover, it is not inconceivable that in some rare instances, the defendant might in fact present his case more effectively by conducting his own defense. Personal liberties are not rooted in the law of averages. The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of 'that respect for the individual which is the lifeblood of the law.' [Citation.]" (*Faretta* v. *California, supra*, 422 U.S. at p. 834 [95 S.Ct. at pp. 2540-2541],

fn. omitted, quoting *Illinois* v. *Allen* (1970) 397 U.S. 337, 350-351 [90 S.Ct. 1057, 1064, 25 L.Ed.2d 353] (conc. opn. of Brennan, J.).)

Thus, the right of self-representation exists to uphold the defendant's dignity. It is not a right that exists to further some other interest of the defendant or of society; indeed, in most cases, it will militate against such other interests. ■ For this very reason, if a defendant is convicted after being denied the right of self-representation, the error is reversible per se. (*McKaskle* v. *Wiggins* (1984) 465 U.S. 168, 177, fn. 8 [104 S.Ct. 944, 950, 79 L.Ed.2d 122]; *People* v. *Joseph* (1983) 34 Cal.3d 936, 945-948 [196 Cal.Rptr. 339, 671 P.2d 843].) "Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis." (*McKaskle* v. *Wiggins, supra*, at p. 177, fn. 8 [104 S.Ct. at p. 950].) "Any rule which purported to assess the quality of a would-be *Faretta* accused's representation by the harmless error standard would inevitably erode the *pro se* right itself." (*People* v. *Joseph, supra*, at p. 946.)

■ We do not believe the defendant's dignitary interest in self-representation demands the additional remedy of suppressing testimony obtained in violation of the right of self-representation. The exclusionary rule is intended to deter police misconduct. (*Arizona* v. *Evans* (1995) 514 U.S. 1, 10-11 [115 S.Ct. 1185, 1190-1191, 131 L.Ed.2d 34].) No such rule is necessary to deter a denial of the right of self-representation. The reversal of the initial conviction is a sufficient deterrent.

Defendant argues that, because the witnesses had become unavailable, he was deprived of his right to cross-examine them personally. Although we recognize the force of this argument, various hearsay statements by unavailable declarants may come in under other hearsay exceptions. (Evid. Code, §§ 1230 [declarations against interest], 1260 [statements concerning declarant's will], 1310, 1311 [family history], 1323 [statements concerning boundaries], 1350 [declarant kidnapped or killed].) In each such instance, a self-represented defendant never gets to cross-examine the declarant personally; yet this is not considered a denial of the right of self-representation. The issue reduces to whether the statements have sufficient indicia of reliability to be admissible under the Evidence Code and the confrontation clause. We have already dealt with this above.

The first trial was not a nullity. It happened. The witnesses said what they said. Defendant, via his appointed counsel, had the right and opportunity to cross-examine them. Accordingly, even though defendant was denied the right of self-representation at the first trial and never had the opportunity to

cross-examine the witnesses personally, their testimony was admissible under the former testimony exception.

## V

### DISPOSITION

The judgment is affirmed.

McKinster, Acting P. J., and Gaut, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 22, 1998.