Filed 7/11/24

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

     Plaintiff and Appellant,

v.

GERARDO ARVIZU VELADOR,

     Defendant and Respondent.

E081372

(Super.Ct.Nos. APRI2100267 & INM1907626)

OPINION

APPEAL from the Superior Court of Riverside County.  Chad W. Firetag,

Jacqueline C. Jackson and Matthew C. Perantoni, Judges.  Affirmed.

Michael A. Hestrin, District Attorney, Janinda Gunawardene, Deputy District

Attorney for Plaintiff and Appellant.

Steven L. Harmon, Public Defender, Jason M. Cox, Deputy Public Defender for

Defendant and Respondent.

This matter has been transferred to this court from the appellate division of the

Riverside County Superior Court to settle an important question of law:  whether the trial

1

court has jurisdiction to grant mental health diversion under Penal Code section 1001.36 after a doubt has been declared with respect to the defendant's competency to stand trial, but before the issue of competency has been decided. After reviewing both the diversion and competency statutes together, we affirm the finding of the appellate division of the Riverside County Superior Court.

## FACTS[1]

Defendant and respondent Gerardo Arvizu Velador was charged by the Riverside County District Attorney in a misdemeanor complaint with battery on a peace officer (Pen. Code, § 243, sub. (b)), resisting or obstructing a peace officer (Pen. Code, § 148, subd. (a)(1)) and reckless driving (Veh. Code, § 23103, subd. (a)).

On December 20, 2019, the trial court granted a request by defendant's counsel to have defendant's competency evaluated pursuant to Evidence Code section 1017. On August 17, 2020, defendant's counsel declared a doubt as to defendant's competency to stand trial, the proceedings were suspended pursuant to Penal Code section 1368, and the trial court appointed a doctor to examine defendant to determine if he was competent to stand trial. After the trial court received the first doctor's report, a second doctor was also appointed to evaluate defendant. Both doctors submitted reports to the trial court.

While the competency determination was still pending, defendant's counsel filed a motion for mental health diversion pursuant to section 1001.36. As evidence,

---

[1] The facts are taken from the opinion issued by the appellate division of the Riverside Superior Court on April 26, 2023. The facts relating to the crimes committed by defendant and the evaluations completed pursuant to Evidence Code section 1017 and Penal Code section 1368 are not relevant to the issue to be decided on appeal.

2

defendant's counsel attached the Evidence Code section 1017 evaluation, the two doctor reports submitted to determine defendant's competency to stand trial, police reports, and previous mental health records for defendant. Defendant's counsel also filed a letter from Compton Family Mental Health that provided defendant had been diagnosed with a qualifying mental health disorder and had been receiving services since February 2021.

Both the People and defendant's counsel filed bench briefs regarding the trial court's ability to grant diversion. The People argued that the issue of competency had to be resolved prior to the court granting diversion. After conducting a hearing, the trial court granted diversion and ordered that the criminal proceedings remain suspended. The People filed an appeal to the appellate division of the superior court from the trial court's order pursuant to Penal Code section 1466, subdivision (a)(6), and California Rules of Court, rule 8.104, subdivision (a).

The matter proceeded in the trial court. Defendant was evaluated by a third doctor. On June 27, 2022, after a bench trial, the trial court found defendant mentally competent to stand trial. On August 22, 2022, the trial court entered a new order granting mental health diversion and imposed diversion terms.[2]

The parties filed briefs in the appellate division of the superior court and agreed that the appeal was now moot. However, the People requested that the appellate division

---

[2] This rendered the issue raised in this appeal moot as to defendant as no relief can be granted. This court has decided to review the issue as it is necessary in order to settle an important question of law.

decide the issue as it was in the public interest and was likely to reoccur. Defendant's counsel requested that the appeal be dismissed.

The appellate division of the Riverside County Superior Court exercised its discretion to decide the matter finding that it was likely to reoccur and avoid review. It concluded that the trial court had jurisdiction to grant mental health diversion despite the criminal proceedings being suspended. It further found that it was not necessary for the trial court to await the competency decision before granting diversion. It concluded, "If a person is competent, they can consent to diversion and waive their rights; if a person is incompetent, the court can nevertheless grant diversion. Nothing in the statute suggests that there is something in the process of determining competency that would be required for the court to consider when determining whether to grant mental health diversion, and the procedure following the grant of diversion is identical whether the person is competent or incompetent to stand trial." (Fn. omitted.)

On June 12, 2023, this court ordered the matter transferred to this court in order to settle an important question of law.[3]

## DISCUSSION

The People claimed in their brief filed with the appellate division that Penal Code section 1001.36[4] does not allow the grant of diversion after a doubt has been declared

___

[3] This court ordered that the matter be decided based on the briefing filed by the parties in the appellate division and documents submitted to the trial court. (Cal. Rules of Court, rule 8.1007(b).)

[4] All further statutory references are to the Penal Code unless otherwise indicated.

4

about a defendant's competency but before competency has been resolved. The People relied on two arguments: (1) the trial court lacked jurisdiction based on the proceedings being suspended pursuant to section 1368, and (2) the statutory language required a finding on competency prior to granting diversion. The appellate division rejected these arguments. It found that the trial court could consider diversion despite the proceedings on the criminal prosecution being suspended. Further, it found that the trial court need not wait for a resolution on a defendant's competency as the trial court under section 1001.36 could grant diversion whether defendant was ultimately found competent or incompetent. We look to the statutory language of section 1001.36 and the competency statutes to resolve the matter.

" ' " ' "When we interpret a statute, '[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' [Citation.] 'Furthermore, we consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose.' " ' "

5

[Citation.]  The interpretation of a statute presents a question of law that this court

reviews de novo.' " (*People v. Braden* (2023) 14 Cal.5th 791, 804 (*Braden*).)

A.      <u>GRANT OF DIVERSION PRIOR TO COMPETENCY</u>

        <u>DETERMINATION</u>

"Enacted in 2018, section 1001.36 authorizes pretrial diversion for defendants

with qualifying mental disorders." (*Braden*, *supra*, 14 Cal.5th at p. 801.)  Section

1001.36, subdivision (a)[5] provides, "On an accusatory pleading alleging the commission

of a misdemeanor or felony offense not set forth in subdivision (d), the court may, in its

discretion, and after considering the positions of the defense and prosecution, grant

pretrial diversion to a defendant pursuant to this section if the defendant satisfies the

eligibility requirements for pretrial diversion set forth in subdivision (b) and the court

determines that the defendant is suitable for that diversion under the factors set forth in

subdivision (c)."  Subdivision (e) of section 1001.36 provides, "At any stage of the

proceedings, the court may require the defendant to make a prima facie showing that the

defendant will meet the minimum requirements of eligibility for diversion and that the

defendant and the offense are suitable for diversion.  The hearing on the prima facie

showing shall be informal and may proceed on offers of proof, reliable hearsay, and

---

[5]  The current version of section 1001.36 is effective until July 1, 2024.  The amendments effective July 1, 2024, do not impact this appeal.  (Stats. 2023 c. 687 (A.B. 1412), § 1.2, eff. Jan. 1, 2024, operative July 1, 2024.)  This case was decided in the appellate division under the previous version of section 1001.36 (Stats. 2022, c. 735 (S.B. 1223), § 1, eff. Jan. 1, 2023) but again no changes impact the decision on appeal.  Any references to section 1001.36 refer to the current version effective January 1, 2024.

argument of counsel. If a prima facie showing is not made, the court may summarily deny the request for diversion or grant any other relief as may be deemed appropriate."

Pursuant to section 1001.36, the trial court can grant diversion to a defendant at any time leading up to attachment of jeopardy at trial or the entry of a guilty or no contest plea. (*Braden*, *supra*, 14 Cal.5th at p. 800.) Standing alone, section 1001.36 authorized the trial court to consider the request for diversion that was made prior to the trial. However, we must also consider the competency statutes in determining whether the trial court had the authority to consider granting diversion prior to a competency determination. (See *Braden*, at pp. 813-814 ["By incorporating the provisions of section 1001.36 into the competency statutes, the Legislature signaled its intent to have mental health diversion operate in tandem with an incompetency finding, whenever it arises before judgment"].) Based on the plain language in sections 1001.36 and 1368 et. seq., we conclude a determination of competency was not required in order for the trial court to consider diversion.

Once a defendant's competency has been questioned, the trial court can suspend the criminal prosecution proceedings and order that defendant's competency be evaluated. (§ 1368)[6] If a defendant is found competent, the matter can proceed to trial, or the trial court can consider diversion, as it did in this case. (§§ 1370, sub. (a)(1)(A), 1370.01, subd. (a), 1001.36, subd. (a).)

---

[6] We will discuss the suspension of the proceedings, *post.*

7

The competency statutes also permit a trial court to consider diversion if the defendant is found incompetent when a defendant is charged with either a felony or a misdemeanor. Section 1370, subd. (a)(1)(B)(iv)(I) provides that, "If, at any time after the court finds that the defendant is mentally incompetent and before the defendant is transported to a facility pursuant to this section, the court is provided with any information that the defendant may benefit from diversion pursuant to Chapter 2.8A (commencing with Section 1001.35) of Title 6, the court may make a finding that the defendant is an appropriate candidate for diversion." Section 1370, subdivision (a)(1)(B)(v), further provides that "If a defendant is found by the court to be an appropriate candidate for diversion pursuant to clause (iv), the defendant's eligibility shall be determined pursuant to Section 1001.36."

Section 1370 applies to defendants who are charged with a felony. "Section 1370 applies to a person who is charged with a felony or alleged to have violated the terms of probation for a felony or mandatory supervision and is incompetent as a result of a mental health disorder." (§ 1367, subd. (b).) "Section 1370.01 applies to a person who is charged with a misdemeanor or misdemeanors only, or a violation of formal or informal probation for a misdemeanor, and the judge finds reason to believe that the defendant has a mental health disorder, and may, as a result of the mental health disorder, be incompetent to stand trial." (§ 1367, subd. (b).) Subdivision (b) of section 1370.01 provides, "If the defendant is found mentally incompetent, the trial, judgment, or hearing on the alleged violation shall be suspended and the court may do . . . the following: [¶] (1)(A) Conduct a hearing, pursuant to Chapter 2.8A (commencing with Section 1001.35)

8

of Title 6, and, if the court deems the defendant eligible, grant diversion pursuant to Section 1001.36 for a period not to exceed one year from the date the individual is accepted into diversion or the maximum term of imprisonment provided by law for the most serious offense charged in the misdemeanor complaint, whichever is shorter."

Section 1001.36 also specifically provides that a defendant found incompetent to proceed to trial can nonetheless be considered for diversion. "Section 1001.36 specifically excepts incompetent persons from the statutory requirements that they consent to diversion, waive speedy trial rights, and agree to comply with treatment." (*Braden*, *supra*, 14 Cal.5th at p. 815.) "[T]he availability of diversion for individuals found incompetent to be tried was added to reduce the burden of housing such individuals by the State Department of State Hospitals." (*Id.* at p. 814.)

The applicable provisions include section 1001.36, subdivision (c)(2), which provides the trial court can grant diversion if, "The defendant consents to diversion and waives the defendant's right to a speedy trial, unless a defendant has been found to be an appropriate candidate for diversion in lieu of commitment pursuant to clause (iv) of subparagraph (B) of paragraph (1) of subdivision (a) of Section 1370 and, as a result of the defendant's mental incompetence, cannot consent to diversion or give a knowing and intelligent waiver of the defendant's right to a speedy trial." Section 1001.36, subdivision (c)(3), provides that a trial court can grant diversion if, "The defendant agrees to comply with treatment as a condition of diversion, unless the defendant has been found to be an appropriate candidate for diversion in lieu of commitment for restoration of competency treatment pursuant to clause (iv) of subparagraph (B) of paragraph (1) of

9

subdivision (a) of Section 1370 and, as a result of the defendant's mental incompetence, cannot agree to comply with treatment."

Based on the foregoing, the trial court had the same options for granting mental health diversion whether defendant was found competent or incompetent to stand trial. Nothing in the statutory language requires a finding on competence prior to granting diversion. The trial court in considering whether to grant diversion looks to the defendant's mental state during the commission of the crime. (*Braden*, *supra*, 14 Cal.5th at p. 814 ["To support a diversion request, the condition in question must exist at the time of the offense"].) The statutes on competency and section 1001.36 support the trial court's decision to grant diversion prior to a finding as to defendant's competence to stand trial as that finding had no bearing on the decision to grant diversion.

This conclusion comports with the Legislative intent of section 1001.36. "The stated purpose of the diversion statute 'is to promote all of the following: [¶] (a) Increased diversion of individuals with mental disorders to mitigate the individuals' entry and reentry into the criminal justice system while protecting public safety. [¶] (b) Allowing local discretion and flexibility for counties in the development and implementation of diversion for individuals with mental disorders across a continuum of care settings. [¶] (c) Providing diversion that meets the unique mental health treatment and support needs of individuals with mental disorders.' " (*People v. Frahs* (2020) 9 Cal.5th 618, 626.) Granting diversion at the earliest time pretrial, rather than waiting for a competency determination, promotes each of these factors.

Additionally, as noted by the appellate division, the Legislature enacted section 1001.36 in part to avoid "unnecessary and unproductive costs of trial and incarceration." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 215 (2108-2019 Reg. Sess.) as amended August 23, 2018, p. 2.)  The earlier in the process that the trial court considers diversion helps reduce unnecessary court costs.

Finally, the Legislature recently enacted section 17.2.  It provides, "(a) It is the intent of the Legislature that the disposition of any criminal case use the least restrictive means available.  [¶]  (b) The court presiding over a criminal matter shall consider alternatives to incarceration, including, without limitation, collaborative justice court programs, diversion, restorative justice, and probation.  [¶] (c) The court shall have the discretion to determine the appropriate sentence according to relevant statutes and the sentencing rules of the Judicial Council."  Consideration of mental health diversion certainly presents a less restrictive alternative to the placement of such individuals in a state hospital.  (See *Braden*, *supra*, 14 Cal.5th at p. 814.)

The appellate division properly determined that a finding of competency was not required in order for the trial court to grant diversion.  Diversion is based on the defendant's mental state during the commission of the crime and can be determined at any time prior to jeopardy attaching or a plea.  Diversion may be granted to both those defendants who are found competent to stand trial and those who are found incompetent.

There is no reason to restrict the trial court's ability to consider diversion only after a determination on competency.[7]

### B.   SUSPENSION OF CRIMINAL PROCEEDINGS

We further reject the argument made by the People that the trial court lacked jurisdiction to grant diversion to defendant based on the criminal proceedings being suspended. Section 1368, subdivision (b) provides, "If counsel informs the court that he or she believes the defendant is or may be mentally incompetent, the court shall order that the question of the defendant's mental competence is to be determined in a hearing which is held pursuant to Sections 1368.1 and 1369. If counsel informs the court that he or she believes the defendant is mentally competent, the court may nevertheless order a hearing. Any hearing shall be held in the superior court." Subdivision (c) of section 1368 provides, "Except as provided in Section 1368.1, when an order for a hearing into the present mental competence of the defendant has been issued, all proceedings in the criminal prosecution shall be suspended until the question of the present mental competence of the defendant has been determined."

Section 1368.1, subdivision (b) provides what actions can take place when the case involves a misdemeanor charge. "If the action is on a complaint charging a misdemeanor, counsel for the defendant may either demur, move to dismiss the complaint on the ground that there is not reasonable cause to believe that a public offense

---

[7] We note that there may be a circumstance in which a trial court considers diversion sua sponte and there is evidence that the defendant may not want diversion. In those situations, a finding of competency may be more appropriate. We do not address such a situation in this case as counsel requested diversion on behalf of defendant.

has been committed and that the defendant is guilty thereof, or make a motion under Section 1538.5." (§ 1368.1, subd. (b).)

We conclude the trial court could proceed with granting defendant diversion despite the proceedings being suspended pursuant to section 1368. First, in *People v. Superior Court (Marks)* (1991) 1 Cal.4th 56, the California Supreme Court addressed a trial court's failure to conduct a competency hearing after suspending the proceedings. In addressing jurisdiction, the court held, "[W]e conclude that the failure to comply with the mandate of section 1368 does not effect a fundamental loss of jurisdiction, i.e., 'an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties. [Citation.]' [Citation.] Rather, the trial court suffers an inability 'to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.' [Citations.] Thus, while the court retains jurisdiction over the cause, it acts in excess of that authority in failing to hold a competency hearing." (*Id.* at p. 66, fn. omitted; see also *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1426 ["[W]hen a court has jurisdiction of the subject matter and the parties, actions in substantial disregard of constitutional or statutory limitations, or that deny fundamental rights or defenses, are acts in excess of jurisdiction"].) The trial court had not lost jurisdiction of the case by suspending the proceeding pursuant to section 1368. As found in *Marks*, the trial court still had subject matter jurisdiction over the matter.

Second, as stated, section 1368.1, subdivision (b) allows for the trial court to conduct some actions while the proceedings are suspended. Each of these actions

involves disposition of the matter prior to the competency proceeding without proceeding to trial, which is similar to diversion. Further, the plain language of section 1368, subdivision (c) provides all "proceedings in the criminal prosecution shall be suspended." This only suspends proceedings on the "criminal prosecution" and does not necessarily exclude diversion, which would resolve the case without prosecution just as a demur or motion under section 1538.5 would resolve the case.

Several cases have found that actions that can be taken by the trial court while criminal proceedings are suspended pursuant to section 1368 are beyond those listed in section 1368.1. In *People v. Cadogan* (2009) 173 Cal.App.4th 1502, 1509, the trial court conducted a conditional examination of a witness who had cancer while the proceedings were suspended pursuant to section 1368. The appellate court first concluded, "[I]t must be true that section 1368, subdivision (c) does not literally suspend all proceedings pending a competency hearing." (*Braden*, at p. 1511.) It also found that the trial court had the inherent discretion to control the proceedings " ' "to ensure the efficacious administration of justice." ' " (*Id.* at p. 1512.) It upheld the trial court's decision to conduct an examination of the witness despite the suspension of proceedings under section 1368 and an examination of a witness not being listed in section 1368.1. In addition, the California Supreme Court found that granting a request for substitution of counsel did not violate section 1368. (See *People v. Stankewitz* (1990) 51 Cal.3d 72, 87-90, abrogated on other grounds as recognized in *People v. Mataele* (2022) 13 Cal.5th 372, 417 [granting substitution of counsel did not violate prohibition against conducting proceedings after the need for a competency hearing is established].) Nothing supports

that the Legislature intended to bar consideration of diversion while proceedings involving criminal prosecution were suspended under section 1368.

Finally, section 1370.01 allows for a determination that diversion is appropriate, while the proceedings are suspended, while a defendant is incompetent to stand trial. It would be nonsensical to find that a trial court could not grant diversion while the proceedings are suspended to determine competency when the trial court can act when the proceedings are suspended while the defendant is considered incompetent.

Based on the foregoing, the trial court did not lack jurisdiction to consider diversion while the proceedings on criminal prosecution were suspended under section 1368.

## DISPOSITION

In all respects, the opinion of the appellate division of the Riverside Superior Court is affirmed.

CERTIFIED FOR PUBLICATION

MILLER
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.

15